United States District Court
Southern District of Texas
**ENTERED**
June 27, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | CRIMINAL ACTION 4:08-CR-187-2 |
| V. | § | CIVIL ACTION NO. 4:16-CV-1789 |
| | § | |
| JOEL LOPEZ, SR., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is Movant Joel Lopez, Sr., who has filed a § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 261),[1] and the United States' Answer and Motion to Dismiss Movant's § 2255 Motion (Document No. 266). After reviewing Movant Joel Lopez, Sr.'s § 2255 Motion, and the Government's Answer and Motion to Dismiss, the record of the proceedings before the District Court in the underlying criminal case and on appeal, and the applicable case law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Movant Joel Lopez, Sr.'s § 2255 Motion to Vacate, Set Aside, of Correct Sentence (Document No. 261) be DENIED, and the United States' Motion to Dismiss (Document No. 266) be GRANTED.

---

[1] Joel Lopez Sr.'s Motion to Vacate, Set Aside or Correct Sentence can be found at Document No. 261 in Criminal Action 4:08-CR-187-2. References hereafter will be to the Criminal Document numbers unless otherwise indicated.

1

## I. Procedural History

Movant Joel Lopez, Sr. ("Lopez"), who is currently in the custody of the United States Bureau of Prisons, is seeking habeas corpus relief under 28 U.S.C. § 2255. This is Lopez's first attempt at § 2255 relief.

On April 3, 2008, Lopez was charged by indictment of conspiracy to commit kidnapping in violation of 18 U.S.C. § 1202(c) (Count 1), conspiracy to use interstate commerce facilities in murder-for-hire (Count 2), and aiding and abetting the use of interstate facilities in the murder-for-hire of Blanca Lopez in violation of 18 U.S.C. § 1958 and 18 U.S.C. § 2 (Count 3). (Document No. 165).

Lopez proceeded to a jury trial on March 17, 2009. On March 23, 2009, he was found guilty and convicted on counts 1 and 3 of the indictment. (Document No. 142). The Government moved to dismiss Count 2 on March 20, 2009. The Court granted the motion. (Document No. 135).

Prior to sentencing, a Pre-Sentence Investigation Report ("PSR") was prepared. (Document No. 165). Lopez filed five written objections to the PSR, including an objection to being designated a career offender. (Document No. 169). The Government responded to Defendant Lopez's objections to the PSR on October 20, 2009. (Document No. 172). Regarding Lopez's objection to being deemed a career offender within the meaning of U.S.S.G. § 4B1.1, the Government argued that Lopez qualified as a career offender because he had three prior federal controlled substance offenses. With respect to calculating Lopez's advisory guidelines sentence, because the case involved a conspiracy to kidnap for the purpose of committing murder, pursuant to U.S.S.G. § 2A4.1(h)(7), Lopez had an offense level of 43. Because Lopez was an organizer, leader, supervisor or manager, his offense level was adjusted upward by 2

2

levels under U.S.S.G. § 3B1.1(c). However, because the instant offense involved a crime of violence, Lopez was over the age of 18 at the time the offense occurred, and he had been convicted of three prior federal felony offenses (possession with intent to distribute approximately 226 kilograms of marijuana in Docket No. M-93-199-S2-01, possession with intent to distribute approximately 42 pounds of marijuana in Docket No. B-82-310-01, and escape from a federal institution in Docket No. 4:99CR009-001, under U.S.S.G. § 4B1.1(b)(A)), Lopez was deemed a career offender and had an offense level of 45, the same as Lopez's adjusted offense level 4. The Guidelines provide that an offense level of more than 43 is treated as an offense level of 43. With an adjusted offense level of 43, and with a Criminal History Category of VI, Lopez had an advisory guideline sentencing range of 360 months to life imprisonment. On October 23, 2009, Lopez was sentenced and committed to the Bureau of Prisons to be imprisoned for a term of life as to Count One and 120 months as to Count Three, the term to run concurrently. (Document No. 218, Transcript of Sentencing Hearing, p. 13). In imposing Lopez's sentence, the Court stated:

> Well, Joel Lopez, Sr., is before the Court for sentencing as a result of his conviction for conspiracy to commit kidnapping and use of interstate commerce facilities in murder for hire. The Defendant was involved in a plot with his common-law wife, Aracely Lopez-Gonzales, to carry out the kidnapping and with the confidential witness to commit the kidnapping/murder of another individual who apparently owed him a drug debt. An element of the kidnapping was a purported one-hundred-thousand-dollar ransom charged which resulted in a six-level increase to the offense level.
>
> He arranged the kidnapping scheme while incarcerated in federal prison. The investigation also revealed he was attempting to arrange the murder of Ricardo Hinojosa, United States District Judge for the Southern District of Texas.
>
> Review of his background reveals an extensive criminal history, including numerous federal convictions for drug-related offenses, and he is currently serving a life sentence in the Bureau of Prisons for federal drug trafficking. He is considered the leader of this offense because he recruited both the confidential witness and his wife to carry out the kidnap and murder of Blanca.

3

> A life sentence presents a degree of punishment not greater than necessary to achieve a reasonable sentence. A term of life in prison is appropriate in this case. Such a sentence is reasonable, addresses the objectives of deterrence, punishment and promotes respect for the law and satisfies the sentencing requirements set forth in 18, United States Code, Section 3553(a). (Document No. 218, p. 13).

Judgment was entered on October 23, 2009. (Document No. 218). Lopez filed an appeal. The Fifth Circuit affirmed his conviction on May 29, 2011. (Document No. 247). Lopez sought review by the United States Supreme Court. The petition for certiorari was denied on October 3, 2011. (Document No. 248). On June 16, 2016, Lopez placed his § 2255 motion in the prison mailing system and the district clerk entered it on June 20, 2016. (Document No. 261). Lopez raises three claims in his § 2255 motion, (1) that the Confidential Sentencing Recommendation submitted by the government violates due process of law, (2) relying on the holding of the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2016) that he was improperly classified as a career offender under U.S.S.G. § 4B1.1, and (3) that he was improperly classified as a career offender. (Document No. 261). The Government has answered and has moved to dismiss Lopez's § 2255 motion. (Document No. 266). The Government argues that Lopez's claims are untimely, and are substantively meritless.

**II.   Discussion**

A. *Johnson* and *Beckles* Claims

Lopez, relying on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016), argues that his sentence was improperly enhanced, and he was incorrectly classified as a career offender under U.S.S.G. § 4B1.1. The Government argues Lopez's claims fail because the Supreme Court's decision in *Johnson* does not apply to Lopez because he was not sentenced under the Armed Career

4

Criminal Act. The Government further argues that *Johnson* does not apply to the Sentencing Guidelines.

The Armed Career Criminal Act ("ACCA") defines "violent felony" as

> "any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has an element the use, attempted use, or threatened use of physical force against the person of another or (ii) is burglary, arson, or extortion, involved use of explosives, *or otherwise involve conduct that presents a serious potential risk of physical injury to another.*"

18 U.S.C. §924(e)(2)(B) (emphasis added).

The italicized portion of the definition is known as the residual clause. *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015). The Supreme Court decided in *Johnson* that "violent felony" under the residual clause is unconstitutionally vague; therefore, enhancing a sentence under the residual clause of the ACCA violates a defendant's right to due process under the Fifth Amendment. In *Welch v. United States*, 136 S. Ct. 1257, 1259 the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. Since the decision in *Johnson*, there has been challenges to the provisions of the United States Sentencing Guidelines based on the same due process issue. The Supreme Court held in *Beckles* that unlike the ACCA, the advisory Sentencing Guidelines do not fix the permissible range of sentences, but instead guide the court in its decision in choosing an appropriate sentence within the statutory provisions. *Beckles v. United* States, 137 S. Ct. 886 (2017). Therefore, the Court held that the residual clause in § 4B1.2(a)(2) is not void for vagueness.

Here, as argued by the Government, *Johnson* does not directly or indirectly apply to Lopez's conviction and/or sentence. That is because Lopez was not sentenced under the ACCA, and because any sentencing enhancement made pursuant to the Sentencing Guidelines does not, according to the Supreme Court in *Beckles*, implicate Lopez's due process rights.

5

B. Confidential Sentencing Recommendation Claim

Lopez also claim that his due process rights were violated because he did not receive a copy of the United States Probation Office's Confidential Sentencing Recommendation. The Government responds that Lopez had no right to see the recommendation and that his claim fails. The Magistrate Judge agrees.

Federal Rules of Criminal Procedure 32(e)(3) provides in pertinent part that "the court may direct the probation officer not to disclose to anyone other than the court the officer's recommendation to the sentence." Fed. R. Crim. P. 32(e)(3). The Local Rules for the Southern District of Texas states that "[t]he probation officer's recommendation on the sentence shall not be disclosed unless so ordered by the sentencing judge." CRLR 32.11. Here, other than Lopez's vague allegations about a due process violation, he has not set forth any reason why the Court could have or should have disclosed the confidential sentencing recommendation and deviate from the Local Rule.

C. Lopez's § 2255 Motion Was Not Timely Filed

The Government argues that Lopez's motion is untimely and barred by the statute of limitations. 28 U.S.C. § 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The Limitation shall run from the latest of –
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

> newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As discussed above, Lopez's conviction became final on or about October 3, 2011. He had one year to file a timely § 2255 motion. The Supreme Court decided *Johnson* on June 26, 2015, and Lopez's motion was filed by the clerk on June 20, 2016, within the one-year period of limitation. Because *Johnson* is inapplicable to Lopez's conviction and none of the alternative commencement dates in the one-year limitation period provided in § 2255 applies, and there has been no showing of equitable tolling or actual innocence, Lopez's claims relating to his career offender designation under the guidelines are time-barred. Likewise, Lopez's due process claim relating to the confidential sentencing recommendation is time-barred.

### III. Conclusion and Recommendation

Based on the foregoing, it is

RECCOMMENDED that the Government's Motion to Dismiss Movant's § 2255 Motion (Document No. 266) be GRANTED, and that Movant Joel Lopez's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 261) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(c), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn,* 474 U.S. 140 (1985); *Ware v. King,* 694 F.2d 89 (5th Cir 1982), *cert. denied,* 461 U.S. 930 (1983); *Nettles v. Wainwright,* 677 F.2d 404

(5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions of law an appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 26th day of June, 2017.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE