IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| Plaintiff-Respondent, | § |
| V. | § CRIMINAL ACTION NO. H-08-187 |
| | § CIVIL ACTION NO. H-19-788 |
| JOEL LOPEZ, SR., | § |
| Defendant-Movant. | § |

## **MEMORANDUM AND RECOMMENDATION**

Pending before the Magistrate Judge upon referral from the District Judge is Movant Joel Lopez Sr.'s "Mandatory Judicial Notice–Ignore At Your Own Peril" (Document No. 270), in which he challenges the court's jurisdiction and therefore the validity of his conviction. After reviewing Movant's Motion, the record of the proceedings before the District Court in the underlying criminal case and on appeal, the earlier post conviction proceeding, and the applicable law, the Magistrate Judge RECOMMENDS, that the Motion be dismissed without prejudice for lack of jurisdiction as successive.

**1.   Procedural History**

Lopez, who is currently in the custody of the United States Bureau of Prisons, has previously sought federal habeas corpus relief under 28 U.S.C. § 2255. This is Lopez's second attempt at § 2255 relief.

On April 3, 2008, Lopez was charged by Indictment with conspiracy to commit kidnaping

(Count 1), conspiracy to use interstate commerce facilities in murder-for-hire (Count 2), and aiding and abetting the use of interstate facilities in the murder-for-hire (Count 3). (Document No. 165). Lopez proceeded to a jury trial on March 17, 2009. The Court granted the Government's motion to dismiss Count 2 on March 20, 2009. (Document No. 135). On March 23, 2009, Lopez was found guilty of Counts 1 and 3. (Document No. 142). On October 23, 2009, Lopez was sentenced to a term of life imprisonment on Count 1, and 120 months on Count 3, the terms to run concurrent. (Document No. 218, Transcript of Sentencing Hearing, p. 13). In imposing Lopez's sentence, the Court stated:

> Well, Joel Lopez, Sr., is before the Court for sentencing as a result of his conviction for conspiracy to commit kidnapping and use of interstate commerce facilities in murder for hire. The Defendant was involved in a plot with his common-law wife, Aracely Lopez-Gonzales, to carry out the kidnapping/murder of another individual who apparently owed him a drug debt. An element of the kidnapping was a purported one-hundred-thousand-dollar ransom charged which resulted in a six-level increase to the offense level.
>
> He arranged the kidnapping scheme while incarcerated in federal prison. The investigation also revealed he was attempting to arrange the murder of Ricardo Hinojosa, United States District Judge for the Southern District of Texas.
>
> Review of this background reveals an extensive criminal history, including numerous federal convictions for drug-related offenses, and he is currently serving a life sentence in the Bureau of Prisons for federal drug trafficking. He is considered the leader of this offense because he recruited both the confidential witness and his wife to carry out the kidnap and murder of Blanca.
> A life sentence presents a degree of punishment not greater than necessary to achieve a reasonable sentence A term of life in prison is appropriate in this case. Such a sentence is reasonable, addresses the objectives of deterrence, punishment and promotes respect for the law and satisfies the sentencing requirements set forth in 18, United States Code, Section 3553(a). (Document No. 218, p. 13).

The United States Court of Appeals for the Fifth Circuit affirmed Lopez's conviction on May 29, 2011. (Document No. 247). Lopez filed a § 2255 motion on June 20, 2016, in which he claimed

that the Sentencing Recommendation violated his due process rights and, relying on the holding of the United States Supreme Court in *Johnson v. United States*, 135 S.Ct. 2552 (2016), argued that he was improperly classified as a career offender. (Document No. 261). The undersigned Magistrate Judge issued a Memorandum and Recommendation on June 27, 2017. The undersigned Magistrate Judge recommended that Lopez's motion be denied as time-barred. (Document No. 267). The Court, on September 27, 2017, adopted the Memorandum and Recommendation and denied Lopez's § 2255 motion. (Document No.268).

Now, some eighteen months later, on February 26, 2019, Lopez has filed the instant motion, captioned as "Mandatory Judicial Notice–Ignore at Your Peril." While the motion is not captioned as a § 2255 motion, Lopez raises arguments challenging the validity of his conviction. Lopez argues that his conviction is void because as a "Private American National, non-U.S. citizen, and Inhabitant on Texas, defendant-in-error", the Court lacked subject matter jurisdiction to try his criminal case, and therefore, his conviction should be vacated and he should be released. (Document No. 270, p. 2, 4-8). Lopez refers to himself as "the surety, now subrogee, am no longer considered an enemy under Trading With the Enemy Act" and has attached a copy of his birth certificate, which he has notated to reflect "the pledge of JOEL (NMN) LOPEZ (SR.) to the public trust, I did grant, convey and release the reversionary interest in the bonded birth certificate and the Social Security Acount of the defendant to or for the account of the United States." (Document No. 270, p. 2).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2255 to provide that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

3

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Rule 9 of the Rules Governing Section 2255 proceedings provides in pertinent part that "[b]efore presenting a second or successive petition, the petitioner party must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition." *See United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013). Here, there is nothing in the record to indicate that Lopez has sought and obtained permission from the Fifth Circuit to file his successive § 2255 motion. Because the Fifth Circuit has not issued an order authorizing this Court to consider Lopez's successive § 2255 motion, the Court lacks subject matter jurisdiction to consider it and it should be dismissed without prejudice.

In addition, to the extent that Lopez's claims could be construed as not attacking his conviction under § 2255, Lopez's claims are frivolous. Federal court criminal jurisdiction exists in *all* states, including Texas. *See* 18 U.S.C. § 3231; *United States v. Webb*, 220 Fed. Appx. 293, 293-94 (5th Cir. 2007)(rejecting as frivolous a defendant's arguments that the United States District Court for the Northern District of Texas is not an Article III district court created by Congress; that Texas is not a State of the United States; and that his arrest in Texas was not within the territorial jurisdiction of the United States). Here, as discussed above, Lopez was indicted for and convicted by a jury of federal crimes, within the Southern District of Texas. This was sufficient to convey personal, subject matter, and territorial jurisdiction to the Court. Claims based on variations of "sovereign citizen" have been dismissed as patently frivolous by the courts. *See, Massey v. United*

*States,* Civ. No. 1:17-190, Crim No. B:14-876-1, 2017 WL 7790110 (S.D. Tex. Dec. 7, 2017)(collecting cases by six Court of Appeals dismissing as frivolous sovereign nation claims); *Mason v. Anderson,* Civil No. H-15-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016); *LaVergne v. U.S.A.,* No. 18-cv-238, 2018 WL 2760336, at *2 (W.D. La. Mar. 13, 2018), *adopted,* 2018 WL 2747058 (W.D.La. June 7, 2018); *Frye v. Barbour,* No. 2:16-cv-832-FtM-29MRM, 2017 WL 4226531, at *3-4 (M.D. Florida Sept. 22, 2017)(dismissing claim under Fed.R.Civ.P. 8 and 10 and 28 U.S.C. § 1915A).

## II. Conclusion and Recommendation

Based on the foregoing, the Magistrate Judge

RECOMMENDS that Movant's "Mandatory Judicial Notice–Ignore At Your Own Peril" (Document No. 270) be DISMISSED WITHOUT PREJUDICE. The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn,* 474 U.S. 140 (1985); *Ware v. King,* 694 F.2d 89 (5th Cir. 1982), *cert. denied,* 461 U.S. 930 (1983); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).

Signed at Houston, Texas, this 29th day of March, 2019.

FRANCES H. STACY

5

FRANCES H. STACY
United States Magistrate Judge